IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANEEN MARIE LUCAS                                                                                  PLAINTIFF

v.                                              CIVIL NO. 22-cv-5018

KILOLO KIJAKAZI, Acting Commissioner                                              DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Daneen Marie Lucas, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for DIB on September 19, 2018. (Tr. 50). In her application, Plaintiff alleged disability beginning on August 13, 2018, due to chronic PTSD, generalized anxiety disorder, and major depression – chronic, mild. (Tr. 50, 244). An administrative hearing was held via telephone on July 13, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 68–99). A vocational expert ("VE") also testified. *Id*.

On June 10, 2021, the ALJ issued an unfavorable decision. (Tr. 50–62).  The ALJ found that Plaintiff had the following severe impairments: major depressive disorder, generalized anxiety disorder, personality disorder, attention deficit hyperactivity disorder, and post-traumatic stress disorder. (Tr. 53). The ALJ found Plaintiff's impairments did not meet or medically equal the

severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 53–55). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following non-exertional limitations: she is limited to work that is simple, routine and repetitive with supervision that is simple, direct and concrete. She must avoid contact with he public and more than occasional contact with supervisors and co-workers.
> (Tr. 55–61).

The ALJ found Plaintiff was unable to perform any of her past relevant work. (Tr. 61). With the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of price marker and power screwdriver operator. (Tr. 62). The ALJ found Plaintiff was not disabled from August 13, 2018, through the date of her decision. Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 16, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) Whether the RFC findings are inconsistent with the evidence; and 2) Whether the ALJ erred at step five. (ECF No. 16). Defendant argues the ALJ properly considered inconsistencies between Plaintiff's subjective complaints and the medical evidence, including few significant abnormal findings, conservative treatment, poor compliance with her medications and recommended lifestyle changes, and improvements with treatment. (ECF No. 17). Defendant argues the ALJ also considered Plaintiff's past work difficulties, specifically her short-term disability benefits in 2016 followed by a return to work with accommodations that reduced her social interactions; followed by intermittent leave in September of 2017 after the accommodations lapsed; then short term disability in August of 2018 after receiving a bad performance review; and finally 24 months of long term disability beginning in November of 2018. Defendant argues the ALJ appropriately considered all medical opinion evidence, and properly afforded less weight to Dr. Wood and Dr. Berner as their opinions were not specific, not supported by their own progress notes, and not consistent with the evidence as a whole. Finally, Defendant argues the ALJ did not err at step five as the hypothetical posed to the VE was based upon an appropriate RFC, and the representative occupations have a people rating of 8 which requires no significant interaction.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While Plaintiff struggled to be around people at her job as an accountant, the ALJ's RFC determination was supported by the evidence of record and accounted for Plaintiff's limitations. (Tr. 749–53). For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds

3

Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

    IT IS SO ORDERED this 7th day of March 2023.

                                          /s/ *Christy Comstock*
                                          HON. CHRISTY COMSTOCK
                                          UNITED STATES MAGISTRATE JUDGE